ORIGINAL
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ ... 1 5 2006 ★ C/M
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
FITZROY MORRIS,

          Petitioner,

  -against-

WILLIAM PHILLIPS, Superintendent
Greenhaven Correctional Facility

          Respondent.

------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-04-4597 (FB)

*Appearances:*
*For the Petitioner:*
FITZROY MORRIS, *Pro Se*
99-A-3511
Greenhaven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

*For the Respondent:*
RICHARD A BROWN, Esq.
District Attorney, Queens County
By: SHARON Y. BRODT, Esq.
Assistant District Attorney
125-01 Queens Blvd.
Kew Gardens, NY 11415-1568

**BLOCK, Senior District Judge:**

      Petitioner Fitzroy Morris ("Morris"), proceeding *pro se*, filed a petition for *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his conviction in New York Supreme Court, Queens County, on the grounds that: (1) he was arrested without probable cause; (2) the trial court deprived him of due process by admitting graphic photographs into evidence; (3) the trial court deprived him of due process by failing to suppress evidence and statements obtained from Morris after his arrest; (4) the trial court deprived him of due process by failing to declare a mistrial following two emotional outbursts in the courtroom;

1

(5) the trial judge erred in failing to entertain Morris's *pro se* applications regarding trial counsel's ineffective assistance and the judge's own misconduct; and (6) he was denied effective assistance of appellate counsel. For the reasons stated below, the petition is denied.

I.

Morris's jury convictions for second degree intentional murder and attempted second degree murder stem from the death of Rushiandra Cooper ("Cooper") and injuries sustained by Marsha Davis ("Davis") on or about December 27, 1996. The Appellate Division affirmed the judgment, holding (1) that the evidence was legally sufficient to establish Morris's guilt beyond a reasonable doubt and (2) that his other claims, including a claim of ineffective assistance of trial counsel, were without merit; the Appellate Division did not describe the nature of either the ineffective assistance claim or the other claims that it denied. *See People v. Morris*, 757 N.Y.S.2d 780 (2d Dep't 2003).[1] Morris unsuccessfully sought leave to appeal. *See People v. Morris*, 100 N.Y.2d 564 (2003). He subsequently sought a writ of error *coram nobis*, alleging ineffective assistance of appellate counsel; the Appellate Division denied that application, *see People v. Morris*, 777 N.Y.S.2d 750 (2d Dep't 2004), and the Court of Appeals denied leave to appeal. *See People*

---

[1] As discussed in Part II, it is unclear which ineffective assistance of trial counsel claims were raised on direct appeal and were addressed by the Appellate Division. The State does not dispute that Morris filed a *pro se* supplemental brief dated November 2002, which contained the claim that trial counsel failed to raise an innocence defense; it questions whether Morris also filed a *pro se* supplemental brief dated December 11, 2001 (attached to the petition as Exhibit C), containing Morris's other claims of ineffective assistance of trial counsel. *See infra*, Part II.

*v. Morris*, 3 N.Y.3d 679 (2004). Morris thereafter timely filed his *habeas* petition.[2]

## II.

Clearly pending before the Court are Morris's first, second, third, and sixth claims since they were raised in state court either on direct appeal or in his application for *coram nobis* relief. The fourth and fifth claims are contained in Morris's December 11, 2001 *pro se* supplemental brief. *See* Pet., Ex. C. The State argues that this brief was never filed and that the claims contained therein are both unexhausted and procedurally barred. Since, as discussed below, these claims are meritless, they are denied without the need to address the exhaustion/procedural bar issue. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").[3]

### A. Claims Undisputably Raised in State Court

#### 1. Fourth Amendment Claims

In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that

---

[2] On January 4, 2006, Morris moved to stay his *habeas* petition so that he could return to state court and exhaust three claims not raised in his petition; the Court denied the motion because adding these new claims would be futile since they would be time-barred and did not relate back to his original claims. *See Morris v. Phillips*, No. 04 Civ. 4597 (E.D.N.Y. July 21, 2006).

[3] In support his third claim, Morris cites the arguments in the disputed *pro se* brief. *See* Pet. at 5 (citing Pet., Ex. C at 5). This claim was also raised, however, on direct appeal in appellate counsel's brief, *see* Br. for Appellant-Def. at 27-29.

3

evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. Courts interpreting *Stone* have applied the same standard to claims that post-arrest statements should have been suppressed as fruits of an illegal arrest. *See, e.g., Pina v. Kuhlmann*, 239 F. Supp. 2d 285, 289 (E.D.N.Y. 2003) ("It is well settled that such claims are not cognizable for habeas corpus review where a State has provided a full and fair opportunity to litigate this issue.").

Morris's first and third claims – challenging his arrest for lack of probable cause and the admission of statements and other evidence obtained after that arrest – were raised in both a pre-trial suppression hearing and on appeal. Since Morris had a full and fair opportunity to litigate those claims in state court, *habeas* review is barred.

## 2. Admission of Crime Scene and Autopsy Photographs at Trial

Rulings by state trial courts on evidentiary matters are generally a matter of state law and pose no federal constitutional issue: "The introduction of improper evidence against a defendant does not amount to a violation of due process unless the evidence is so extremely unfair that its admission violates fundamental conceptions of justice." *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998) (internal quotation marks and citation omitted). "[B]ut even an error of constitutional dimensions will merit habeas relief only if it had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Benjamin v. Greiner*, 296 F. Supp. 2d 321, 332 (E.D.N.Y. 2003) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

In New York, photographs are generally admissible if they tend to prove or

4

disprove some material fact in issue, even if the photographs "portray a gruesome spectacle and may tend to arouse passion and resentment against the defendant in the minds of the jury." *People v. Pobliner*, 32 N.Y.2d 356, 369-70 (1973) (internal quotation marks and citations omitted), *cert. denied*, 416 U.S. 905 (1974). Federal courts have consistently denied *habeas* relief where graphic photographs admitted at trial bore some relevance to the issues being tried. *See, e.g., Benjamin*, 296 F. Supp. 2d at 332 (photographs depicted how much the victim bled were relevant and therefore properly admitted); *Sides v. Senkowski*, 281 F. Supp. 2d 649, 655 (W.D.N.Y. 2003) (photograph of gunshot wound showed that wound inflicted at close range and thus was probative of defendant's intent).

The State offered the crime scene and autopsy photographs into evidence in order to rebut Morris's post-arrest statements and intoxication defense. Since those photographs were relevant to matters raised at trial, their admission did not violate New York law. *See Pobliner*, 32 N.Y.2d at 369-70. Moreover, even if the introduction of the photographs were erroneous, their admission could not have had a "substantial and injurious" effect in determining the jury's verdict, given Davis's detailed testimony describing the events. *See Benjamin*, 296 F. Supp. 2d at 332. Accordingly, the Court denies *habeas* relief on Morris's second claim.

### 3. Ineffective Assistance of Counsel

The Court analyzes Morris's claims of ineffective assistance of counsel under the two-prong standard of *Strickland v. Washington*, 466 U.S. 668 (1984) – a defendant must show that counsel's representation "fell below an objective standard of reasonableness"

based on "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

The State does not dispute that Morris raised one allegation of ineffective assistance of trial counsel – failure to pursue an innocence defense – on direct appeal.[4] In holding that his ineffective assistance of counsel claim was without merit, the Appellate Division cited *People v. Baldi*, 54 N.Y.2d 137 (1981). *See* 757 N.Y.S.2d at 780. The Second Circuit has recognized that "the *Baldi* test is not contrary to the *Strickland* test for purposes of [AEDPA]," *Eze v. Senkowski*, 321 F.3d 110, 124 (2d Cir. 2003), and so the Court must determine whether the Appellate Division's decision, based on *Baldi*, was an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d). Even if the Court were to conclude, which it does not, that trial counsel's strategic decision to forego such a defense was not reasonable, Morris cannot establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, in light of the overwhelming evidence of guilt, including physical evidence from the crime scene, Davis's testimony, and Morris's post-arrest statements.

Morris raised his claim of ineffective assistance of appellate counsel in his *coram nobis* application, arguing that appellate counsel should have challenged the existence – rather than the arresting officers' knowledge – of the evidence proffered as

---

[4]Morris raised this claim in both his November 2002 and December 11, 2001 *pro se* supplemental briefs. For the purposes of his *habeas* petition, however, Morris cites only his December 11, 2001 brief.

probable cause for Morris's arrest. In rejecting that claim, *see Morris*, 777 N.Y.S.2d at 750, the Appellate Division cited *People v. Stultz*, 2 N.Y.3d 277 (2004). In *Stultz*, the New York State Court of Appeals held that the *Baldi* test applies to claims of ineffective assistance of appellate counsel. *See id.* at 279. Since the *Baldi* test is not contrary to the *Strickland* test, *see Eze*, 321 F.3d at 124, the Court must, as before, determine whether the Appellate Division's denial, based on *Baldi*, was an unreasonable application of *Strickland*. Upon review of the state court record, the Court concludes that appellate counsel's representation did not "[fall] below an objective standard of reasonableness" since there was no basis to assert Morris's argument on appeal. *See Strickland*, 466 U.S. at 688. Even assuming counsel was deficient, Morris cannot establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, given the weight of evidence whose recovery was not incident to the arrest.

## B. Disputed Claims

### 1. Trial Court Errors

In support of his fourth and fifth claims, Morris alleges that the trial judge committed error by (1) failing to declare a mistrial after the jury heard emotional outbursts from Cooper's sister and Davis; (2) failing to act on Morris's complaints regarding trial counsel's performance; (3) forcing Morris to testify in violation of his Fifth Amendment privilege against self-incrimination; and (4) taking an adversarial stance against Morris during his testimony.

Since it is unclear whether these claims were passed upon by the Appellate

7

Division, the Court, giving the petitioner the benefit of the doubt, will review them de novo. *See DeBerry v. Portuondo,* 403 F.3d 57, 68 (2d Cir. 2005) ("[W]e will review de novo if there was no adjudication on the merits."). Morris's claims fail even under de novo review.

With respect to the first claim, the trial record reflects that the judge gave a curative instruction to the jury after each emotional outburst; there is no indication that these instructions were insufficient to counteract the inflammatory impact the outbursts may have had. The second and third claims arise out of a single instance in which Morris informed the court that he wanted his attorney to pursue an innocence defense and the judge responded that Morris could do so through his own testimony. Until that point, the only evidence before the jury was the State's evidence supporting Morris's guilt; accordingly, the trial judge could not have committed error by correctly informing Morris that the only way to present an alternate theory would be through his own defense. Finally, there is no support for Morris's claim that the trial judge became his adversary while Morris was on the witness stand; in contrast, the trial record reflects that the judge was both patient and courteous in his efforts to keep Morris from rambling and in reminding him to answer the questions being asked.

## 2. Ineffective Assistance of Trial Counsel

Morris raises two additional claims of ineffective assistance of trial counsel in his December 11, 2001 *pro se* supplemental brief. Even if the Court assumes that those two claims were before the Appellate Division but not adjudicated on the merits, they both

fail de novo review. *See DeBerry*, 403 F.3d at 68. With respect to the first – failure to make a record of alleged evidence tampering – the state record contains insufficient evidence to suggest a reasonable probability that Morris would have been acquitted but for trial counsel's alleged errors. *See Strickland*, 466 U.S. at 694. With respect to the second – failure to request an accomplice corroboration charge – Morris's testimony was the only evidence adduced at trial suggesting Davis participated in the murder of Cooper, and Morris claimed that Davis was solely responsible for that murder; since Morris did not allege that Davis was an "accomplice," as defined by New York Criminal Procedure Law, an accomplice corroboration charge with respect to her testimony was unwarranted. *See* N.Y. Crim. Proc. Law § 60.22.

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Morris has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
December 13, 2006